## AUSTIN v. ROBERTS.

### September 29, 1838.

*Rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence.*

The drawer of a bill of exchange, where he does not sign it as an agent for any person, is responsible on it, on non-payment and protest, to the payee, although the consideration of the bill was goods sold by the payee to and on the credit of another person, for whom the drawer acted as agent in the purchase of the goods.

THIS was an action brought to March term, 1838, No. 333, against the drawer, on a bill of exchange, protested for non-payment. The plaintiff filed a copy of the bill, which was as follows:

"$137 50.

"Kensington, Philadelphia, October 1st, 1836.

"Four months after date, pay to the order of Mr. Charles B. Austin, Agent of the Union Glass Works, one hundred and thirty-seven dollars, and fifty cents, for value received, and charge the same to the account of

Yours, &c.      WM. ROBERTS, JR.

Accepted for Richard Jukes,

RICHARD JUKES, JR.

MR. RICHARD JUKES,
     Newark, N. J."

The defendant filed the following affidavit of defence:

"William Roberts, Jr., the defendant in the above named action, being duly sworn, according to law, saith that he hath to the best of his knowledge and belief, a just and legal defence to the whole of the plaintiff's claim, the nature and character of which defence is as follows:

"The defendant as agent for a certain Richard Jukes, of Newark, New Jersey, purchased of the plaintiff certain merchandise, and this defendant saith that the name of his principal was disclosed by him to the plaintiff, at and before the time of

[Austin v. Roberts.]

said purchase, and that the said merchandise was furnished to his said principal, upon the credit and for the use of his said principal. And this defendant further saith that the bill of exchange, upon which this action has been founded, and of which a copy has been filed by the plaintiff, was given by this defendant, to the said plaintiff, in payment for the said merchandise, so purchased as aforesaid. The defendant therefore avers that he has received no consideration whatever for the said bill, and is not indebted to the plaintiff, on this or any other behalf."

The plaintiff obtained this rule to show cause.

*Broom*, for the rule.
C. *Ingersoll*, contra.

PER CURIAM.—The bill on its face does not purport to be drawn by the defendant as an agent of the drawer. And although defendant in his affidavit states that the consideration of the draft was goods sold to, and on the credit of another person, for whom defendant was only agent in the purchase of the goods, yet that circumstance is no defence to an action on the bill. (See 5 *M. & S.* 345; 7 *Taunt.* 158; 2 *Marsh.* 454; 5 *Taunt.* 749; 1 *Marsh.* 318; 2 *Strange* 955.)

Rule absolute.